UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tally Display Corp.

    Plaintiff,

v.

Samsung SDS America Inc.,
Starlite Media LLC, and John Doe

Civil Action No. _____

**COMPLAINT**

**[DEMAND FOR JURY TRIAL]**

Plaintiff Tally Display Corp., by and through its attorneys, Jones Law Firm, P.C., against Defendants Samsung SDS America Inc., Starlite Media LLC, and John Doe alleges as follows:

## PRELIMINARY STATEMENT

Defendants Samsung SDS America Inc. ("Samsung SDSA"), Starlite Media LLC ("Star- lite"), and one or more John Doe defendants entered into an agreement with Plaintiff Tally Display Corp. ("Tally Display") in an effort to induce Tally Display to produce certain LED Modules (the "Modules"). Previously, Samsung SDA had entered an agreement to provide these Modules, which were to display time and temperature in 500 locations across the United States, to defendant Starlite.

Tally Display worked to provide the Modules to Samsung SDSA. Tally Display also provided the electronic layouts and configuration, the physical/mechanical designs of the Modules, and the proprietary software necessary to operate these displays for indoor and outdoor kiosks.

Samsung SDSA unilaterally terminated the agreement and refused to pay Tally Display the amount owed to it. Samsung SDSA terminated only after the parties had engaged in several weeks of communication, discussions, visits, design revisions and demands for prototypes, and even a demonstration for Starlite at their Manhattan office. Tally display performed substantial work on the promised product, including a fully functional unit, and received written promises from Samsung SDSA to purchase the Modules from Tally Display. This Complaint seeks

compensatory damages in the form of lost profits as well as punitive damage from Samsung SDSA for deliberate and malicious theft of intellectual property in the form of designs and software Tally Display created.

## PARTIES, JURISDICTION, AND VENUE

1. Tally Display Corp. is a corporation established under the laws of the state of New Jersey.
2. Plaintiff Tally Display creates, supplies and installs LED displays and display systems including, but not limited to, design, hardware, components, software and installation of LED signs and displays. LED signs and displays use an array of light-emitting diodes as pixels.
3. Steven Rose ("Rose") is the Owner/President of Tally Display.
4. Samsung SDS America Inc. is a corporation established under the laws of the state of California. Samsung SDSA is, *inter alia*, a general contractor in the electronics industry.
5. Starlite Media LLC is a Delaware limited liability company headquartered in New York, New York. Starlite provides outdoor advertising services to businesses.
6. John Doe refers to the any employer of individuals involved in the events described in this Complaint that uses an e-mail domain of "samsung.com" as employment cannot be established by reference to domain alone. This e-mail domain is shared among several entities, including some based outside the United States. Thus, all allegations Tally Display makes against Samsung SDSA in this Complaint refer also to any of these John Doe entities until such time as all relevant employer identities are established.
7. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1338(a) due to copyright claims and separately pursuant to 28 U.S.C. § 1332(a) because Tally Display and Starlite are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

8. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Tally Display's claims occurred in New York, New York. For example, Tally Display demonstrated the prototype at Starlite headquarters at 118 East 27th Street, in New York City. See 28 U.S.C. § 1391(b).

9. This Court may exercise personal jurisdiction over Samsung SDSA because it transacted business within the State—specifically with Tally Display and Starlite—and this action arises out of that business.

## COUNT I - BREACH OF CONTRACT

10. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-9 above.

11. In or around April of 2018, Defendants promised to compensate Tally Display for providing 500 LED displays.

12. At substantial expense and in anticipation of profits of approximately $250,000, Tally Display began performance.

13. Less than a month later, Defendants committed an anticipatory breach of contract by notifying Tally Display that the contract had been cancelled.

14. Although Tally Display has demanded payment, Samsung SDSA has failed to pay.

## COUNT II - UNJUST ENRICHMENT

15. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-14 above.

16. Before receiving payment and at the insistence and request of Samsung SDSA and Starlite, Tally Display rendered services including but not limited to designs, drawings, prototypes, demonstrations, site visits, and meeting with client Starlite.

17. Under such circumstances, equity demands that Samsung SDSA and Starlite give restitution for receipt of benefits that Tally Display conferred, in the amount of the reasonable value of the services.

18. Although Tally Display has demanded payment, Samsung SDSA has failed to pay Plaintiff.

19. Tally Display seeks damages to be determined by a jury at trial.

### COUNT III – COPYRIGHT INFRINGEMENT

20. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-19 above.

21. Tally Display created software for operation of the above-mentioned LED modules.

22. Such software entered interstate commerce through, *inter alia*, communication via e-mail.

23. Defendants appropriated this software in whole or substantial part without the consent of Tally Display and without compensating Tally Display.

24. Tally Display seeks damages in an amount to be determined by a jury at trial.

### PRAYER FOR RELIEF

Wherefore, Plaintiff hereby demands judgment in its favor and against Defendants as follows:

A. For compensatory damages in the amount of $250,000 for lost profits;

B. Punitive damages for bad faith in an amount to be determined at trial by jury;

C. Legal costs and expenses;

D. Reasonable attorney's fees;

E. Compensatory and punitive damages for copyright infringement in an amount to be determined by a jury at trial;

F. For other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Tally Display hereby demands a trial by jury on all issues so-triable of right.

Dated: August 13, 2018                                     Respectfully submitted,

/s/ Bryce Jones
**T. Bryce Jones, Esq.**
**Jones Law Firm, P.C.**
43 W. 43rd St, Suite 180
New York, NY 10036
(212) 258-0685
bryce@joneslawnyc.com
*Attorneys for Plaintiff*