UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ x
TALLY DISPLAY CORP.,                 :   No: 1:18-cv-07445-PAE
                                     :
                Plaintiff            :
                                     :
        -against-                    :
                                     :   ECF Case
SAMSUNG SDS AMERICA, INC.,           :
STARLITE MEDIA LLC, and JOHN DOE,    :
                                     :
                Defendants.          :
------------------------------------ x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
Tel:    212-878-7900
Direct: 973-994-7573
Fax:    212-692-0940
*Attorneys for defendants Samsung SDS America,
Inc. and Starlite Media LLC*

**Of counsel and on the brief:**
Matthew S. Adams, Esq.

**On the brief:**
Jordan B. Kaplan, Esq.

## **TABLE OF CONTENTS**

Pages

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT FACTUAL BACKGROUND ................................................................................... 2

      A.    Overview of the Allegations Contained in Plaintiff's Complaint ............................ 2

      B.    Plaintiff's Complaint Plainly Lacks the Factual Allegations Necessary to Support its Claim for Copyright Infringement ............................................................. 3

      C.    Plaintiff's Complaint Plainly Lacks the Factual Allegations Necessary to Support its Claim for Unjust Enrichment ................................................................. 3

LEGAL ARGUMENT ................................................................................................................... 4

POINT I    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT ............................................................................................ 5

      A.    Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Fails to Identify the Allegedly Copyrighted Work .................... 6

      B.    Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Has Failed to Plead that it Owned or Validly Registered a Copyright in the Work that is Supposedly the Subject of its Claims ...................... 8

      C.    Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Fails to Allege Any Facts Demonstrating that the Defendants Infringed Upon a Protected Copyright ............................................. 10

POINT II   PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED BECAUSE THAT CLAIM IS PREEMPTED BY THE COPYRIGHT ACT ................................................................................................ 11

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accurate Grading Quality Assur., Inc. v. Thorpe*,
   2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ................................................................. 9

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010) ........................................................................................... 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................... 4

*Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*,
   565 F. Supp. 2d 505 (S.D.N.Y. 2008) ................................................................. 4, 11, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 4, 5

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004) ..................................................................................... 11, 12

*BroadVision Inc. v. Gen. Elec. Co.*,
   2008 WL 4684114 (S.D.N.Y. Oct. 15, 2008) ............................................................... 12

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
   2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ................................................................ 10

*Conley v. Gibson*,
   355 U.S. 41 (1957) ......................................................................................................... 5

*Corbis Corp. v. UGO Networks, Inc.*,
   322 F. Supp. 2d 520 (S.D.N.Y. 2004) ............................................................................ 8

*Gattoni v. Tibi, LLC*,
   254 F. Supp. 3d 659 (S.D.N.Y. 2017) ............................................................................ 8

*Global Network Communications, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006) ........................................................................................... 5

*Jacobs v. Carnival Corp.*,
   2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ............................................................... 10

*Kavowras v. N.Y. Times Co.*,
    328 F.3d 50 (2d Cir. 2003) ................................................................................................5

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992) (Connor, J.) ................................................................6, 10

*Kramer v. Time Warner, Inc.*,
    937 F.2d 767 (2d Cir. 1991) ..............................................................................................5

*Lumetrics, Inc. v. Blalock*,
    23 F. Supp. 3d 138 (W.D.N.Y. 2014) ................................................................................9

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
    2012 WL 1021535 (S.D.N.Y. Mar. 6, 2012) .....................................................................9

*Nat'l. Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d. Cir. 1997) ............................................................................................11

*Orange County Choppers, Inc. v. Olaes Enters., Inc.*,
    497 F.Supp.2d 541 (S.D.N.Y. 2007) ................................................................................13

*Papasan v. Allain*,
    478 U.S. 265 (1986) ..........................................................................................................4

*Plunket v. Doyle*,
    2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) ....................................................................10

*Quantum Stream Inc. v. Charter Communications, Inc.*,
    309 F.Supp.3d 171 (S.D.N.Y. 2018) .................................................................................4

*Sharp v. Patterson*,
    2004 WL 2480426 (S.D.N.Y. 2004) .................................................................................6

*Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*,
    2014 WL 5585339 (S.D.N.Y. Oct. 30, 2014) .................................................................7, 9

*Warren v. John Wiley & Sons, Inc.*,
    952 F.Supp.2d 610 (S.D.N.Y. 2013) .................................................................................7

*Young-Wolff v. McGraw-Hill Companies*,
    2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ......................................................................6

**Statutes**

17 U.S.C §106(2). ........................................................................................................................12

17 U.S.C. §301 ..................................................................................................................... 11

17 U.S.C. §411(a) .................................................................................................................... 9

Copyright Act of 1976, 17 U.S.C. §101, *et seq.* ............................................................. *passim*

**Other Authorities**

Federal Rule of Civil Procedure 8 .................................................................................... 5, 6

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 1, 2, 4, 14

## **PRELIMINARY STATEMENT**

Defendants Samsung SDS America, Inc. ("SDSA") and Starlite Media, LLC ("Starlite") (collectively, "Defendants") bring this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff Tally Display Corp. ("Plaintiff") fails to state claims for Copyright Infringement or Unjust Enrichment upon which relief may be granted. Accordingly, Plaintiff's purported Copyright Infringement and Unjust Enrichment causes of action must be dismissed as a matter of law.

While this is a motion to dismiss based upon the deficiencies in Plaintiff's Complaint, dated August 16, 2018, Dkt. No. 1 (the "Complaint") and the allegations therein must be accepted as true for these purposes at this stage of the proceeding, some basic factual background on the relationship between the parties provides the necessary context against which Plaintiff's facially inadequate Complaint should be judged.

In or about early 2018, SDSA issued a request for proposals to numerous potential suppliers across the country, seeking the best quality and price for certain LED display units and related technology, for which SDSA would use as part of a digital signage solution for SDSA's client, Starlite. Plaintiff was one of numerous potential suppliers that responded to SDSA's request for proposals, but after SDSA determined Plaintiff's offering was not to SDSA's satisfaction, SDSA decided not to procure the LED units and related technology from Plaintiff. In response to Plaintiff's failed pitch to Defendants, Plaintiff commenced this lawsuit against SDSA and Starlite, alleging Breach of Contract, Unjust Enrichment, and Copyright Infringement.[1]

---

[1] While Defendants deny the existence of a contract between Plaintiff and either of the Defendants, at this stage of the proceedings and under the Court's Notice Pleading system, Defendants do not challenge the legal adequacy of Plaintiff's Breach of Contract claim against Defendants at this time. After appropriate development of the factual record through the discovery process, Defendants intend to move for judgment as a matter of law on that claim.

The supposed Copyright Infringement and Unjust Enrichment claims contained in Plaintiff's Complaint are facially insufficient to satisfy each of the elements necessary to establish *bone fide* causes of action under established law. Specifically, Plaintiff's purported Copyright Infringement claim must be dismissed as a matter of law because Plaintiff fails to: (i) plead any information that would allow for the identification of the specific items that are the subject of its Copyright Infringement claim; (ii) plead that it owns or validly registered the Copyright(s) for the items that are the subject of its claim; and (iii) allege by what acts and during what time either Defendant infringed upon the purported Copyrights. The established law in this Circuit also requires that Plaintiff's Unjust Enrichment be dismissed because the Copyright Act of 1976, 17 U.S.C. §101, *et seq.* (the "Copyright Act"), preempts Plaintiff's supposed common law Unjust Enrichment claim. Consequently, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

## RELEVANT FACTUAL BACKGROUND

### A. Overview of the Allegations Contained in Plaintiff's Complaint

Plaintiff's Complaint arises out of a purported supply agreement for electronic components to be used in digital signage. (*See generally* Complaint at p. 1). In its Complaint, Plaintiff alleges, in vague and conclusory terms, that Plaintiff created "software for operation" of certain LED modules. (*See* Complaint at ¶20). Plaintiff further claims that it "worked to provide those LED modules" to SDSA, and provided "the electronic layouts and configuration, the physical/mechanical designs of the Modules, and the proprietary software necessary to operate these displays for indoor and outdoor kiosks." (*See* Complaint at p. 1). Without any additional facts to support its claims, Plaintiff alleges that the Defendants: (i) breached a purported contract with Plaintiff; (ii) were somehow unjustly enriched; and (iii) that Defendants committed Copyright

2

Infringement. *(See generally* Complaint).

### B. Plaintiff's Complaint Plainly Lacks the Factual Allegations Necessary to Support its Claim for Copyright Infringement

What is missing from Plaintiff's Complaint speaks volumes as to the legal inadequacy of the pleading. For example, despite bringing a supposed claim to protect certain copyrighted material, Plaintiff fails to identify, with any level of required specificity, what the purported "LED modules," the "software," or the "electronic layouts" are, or whether Plaintiff actually owns Copyrights associated with those items. (*See* Complaint at p. 1). In fact, Plaintiff fails to allege whether there are any Copyrights registered with the United States Copyright Office related to the subject matter of this lawsuit at all. (*See generally* Complaint). These deficiencies are dispositive, as Plaintiff cannot assert a valid cause of action for Copyright Infringement upon which relief can be granted without such details.

Moreover, while Plaintiff alleges that SDSA committed "deliberate and malicious theft of intellectual property in the form of designs and software," Plaintiff fails to allege what, when, or how any of the Defendants purportedly stole information that is the subject of its pleading. (*Id.*). As set forth in greater detail below, Plaintiff's failure to include any of those indispensable factual allegations in its Complaint is fatal to its purported claim for Copyright Infringement as a matter of law, even at this preliminary stage of the proceeding where allegations contained in the Complaint are entitled to deference.

### C. Plaintiff's Complaint Plainly Lacks the Factual Allegations Necessary to Support its Claim for Unjust Enrichment

Plaintiff's purported claim for Unjust Enrichment is likewise devoid of sufficient allegations necessary to state a claim upon which relief can be granted. Similar to Plaintiff's alleged claim for Copyright Infringement, its Unjust Enrichment cause of action alleges only that

3

"Tally Display rendered services including but not limited to designs, drawings, prototypes, demonstrations, site visits and meeting with client Starlite." (*See* Complaint at ¶16). Thus, Plaintiff's purported Unjust Enrichment claim is materially indistinguishable from its Copyright Infringement claim, rendering it legally insufficient. (*See generally* Complaint). Plaintiff's failure to allege any aggravating factors, or otherwise distinguish its alleged Unjust Enrichment claim from its purported Copyright Infringement claim requires the Court to dismiss Plaintiff's Unjust Enrichment claim as a matter of law under the doctrine of preemption long recognized in this Circuit.

## LEGAL ARGUMENT

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept only well pled claims as true, and "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice to state a valid claim and should be dismissed." *Id.*

Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Moreover, Plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 508 (S.D.N.Y. 2008). *See also Quantum Stream Inc.*

*v. Charter Communications, Inc.*, 309 F.Supp.3d 171, 180 (S.D.N.Y. 2018) (Engelmayer, J.) (*citing Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).

A Plaintiff's Complaint must also meet the requirements of Federal Rule of Civil Procedure 8(a)(2), which provides that civil complaints shall contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff's supposed Copyright Infringement and Unjust Enrichment claims should be dismissed because: (i) Plaintiff has not (and assumedly cannot or it would have done so[2]) pled facts sufficient to satisfy each of the elements necessary to state a claim against either of the Defendants for Copyright Infringement; and (ii) Plaintiff's Unjust Enrichment claim against the Defendants is preempted by the Copyright Act, and therefore cannot be pled as a standalone cause of action.

### POINT I

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Plaintiff's purported claim for Copyright Infringement fails as a matter of law because Plaintiff fails to allege *any* of the elements necessary to state a claim for Copyright Infringement under the law of this Circuit. Instead of providing any factual information necessary to sustain its claim – as required by Fed. R. Civ. P. 8 - Plaintiff merely states, in a conclusory fashion, that

---

[2] The Second Circuit has repeatedly held that, on a motion to dismiss such as this, the Court is permitted to take judicial notice to determine whether an event relevant to the disposition of the motion has occurred. *See e.g. Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) (holding that a court may take judicial notice of documents filed in another court); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (taking judicial notice of SEC filings); *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991). Thus, the absence of a Copyright registration -- a matter dispositive to the issues on this motion but outside the four corners of the Complaint under review -- may be considered by the Court.

5

"Tally Display created software for operation of the above mentioned LED-Modules" and that it seeks damages for "theft of intellectual property in the form of designs and software Tally Display created." (*See* Complaint at pp. 2-5). These bald, threadbare, and conclusory allegations do not establish the minimum pleading requirements for Plaintiff to survive this motion to dismiss.

In Copyright Infringement cases, consistent with the principles of Fed. R. Civ. P. 8, a plaintiff "may not rest on bare-bones allegations that infringement occurred." *Sharp v. Patterson*, 2004 WL 2480426, *12 (S.D.N.Y. 2004). Rather, this Court has consistently ruled that "[a] properly plead Copyright Infringement claim must allege: (i) which specific original works are the subject of the copyright claim, (ii) that plaintiff owns the copyrights in those works, (iii) that the copyrights have been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright." *Young-Wolff v. McGraw-Hill Companies*, 2014 WL 349711, at *2 (S.D.N.Y. Jan. 31, 2014) (Wood, J.); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (Connor, J.).

Plaintiff's Complaint fails to meet these necessary pleading requirements. Specifically: (i) Plaintiff fails to plead any information that would allow for the identification of the specific items that are the subject of its Copyright Infringement claim; (ii) Plaintiff fails to plead that it owns or validly registered the Copyright(s) for the items that are the subject of its claim; and (iii) Plaintiff fails to allege by what acts and during what time either of the Defendants infringed upon the unidentified Copyrights. Because Plaintiff has failed to meet the basic pleading requirements for a cause of action sounding in Copyright Infringement, count three of the Complaint must be dismissed as a matter of law.

A.  **Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Fails to Identify the Allegedly Copyrighted Work**

Plaintiff's Complaint fails to provide the Court with any information regarding which

6

specific works are subject of the purported Copyright Infringement claim. Instead, Plaintiff's Complaint relies on vague descriptions of allegedly copyrighted items that could literally describe almost anything. Such amorphous descriptions of allegedly copyrighted materials do not satisfy the necessary elements of a Copyright Infringement cause of action in this Circuit.

The law of this Circuit is clear that, in claims alleging Copyright Infringement, the plaintiff must plead sufficient information so that the Court may identify the specific subject of the complaint. *See e.g. Warren v. John Wiley & Sons, Inc.*, 952 F.Supp.2d 610 (S.D.N.Y. 2013) (sustaining claim for copyright infringement where the plaintiff identified seventeen specific photographs that the plaintiff claimed were misappropriated). Where the plaintiff fails to identify the subject of its Copyright Infringement claims with specificity and, instead, relies upon a "murky" description of the subject matter, as is the case here, those claims must be dismissed as a matter of law. *See e.g. Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, 2014 WL 5585339, at *4 (S.D.N.Y. Oct. 30, 2014) (dismissing claim for Copyright Infringement because the plaintiff's "murky designation of what constitutes 'the Product' is not a satisfactory allegation of which specific original works are the subject of the copyright claim.") (*internal citations omitted*). The essence of a Copyright is the ability to put the world on notice that a particular work is the intellectual property of its owner. Where, as is the case here, the alleged owner cannot articular even basic details about the supposed copyrighted work, it follows logically that the claimed Copyright rights are too speculative, to ill-defined to enforce.

Here, Plaintiff's Complaint falls far short of the pleading requirements necessary to sustain a claim for Copyright Infringement. Instead of identifying specific items that are supposedly subject to copyright protection, Plaintiff asserts only that Plaintiff "created software for operation," "provided electronic layouts and configuration" and "design of Modules," and that those items

7

somehow constitute a form of "intellectual property in the form of designs and software." (*See* Complaint at p. 1). Clearly intending to disguise the true reality that the purported subject matter of its Complaint is not entitled to protection under the Copyright Act, Plaintiff's ambiguous description of the allegedly copyrighted material does not meet the minimum standard of specificity required to sustain a Copyright Infringement claim or otherwise survive a motion to dismiss.

Because Plaintiff has failed to identify "the specific original works" that are the subject of its alleged Copyright Infringement claim, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, Plaintiff's claim for Copyright Infringement, count three of Plaintiff's Complaint, must be dismissed as a matter of law.

**B.     Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Has Failed to Plead that it Owned or Validly Registered a Copyright in the Work that is Supposedly the Subject of its Claims**

Even if the Court were to disregard Plaintiff's outright failure to identify the subject matter of its Copyright Infringement claim with any level of specificity, Plaintiff's purported Copyright Infringement claim should still be dismissed as a matter of law because Plaintiff lacks standing. Specifically, because Plaintiff failed to allege that it owns or has validly registered a Copyright with the United States Copyright Office for the ambiguous software or designs referenced in Plaintiff's Complaint, Plaintiff cannot demonstrate that it is entitled to bring claims against either of the Defendants under the Copyright Act.

Courts of this Circuit repeatedly dismissed claims for Copyright Infringement for lack of standing where the plaintiff commences suit without first obtaining a valid Copyright registration. *See Pyatt v.* Raymond, 462 Fed. Appx. 22 (2d Cir. 2012) (holding that the Copyright Act requires that worked be registered with the United States Copyright Office prior to filing suit). *See also*

8

*Gattoni v. Tibi*, LLC, 254 F. Supp. 3d 659 (S.D.N.Y. 2017); *Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520 (S.D.N.Y. 2004); *Small Bus. Bodyguard, Inc. v. House of Moxie, Inc.*, 2014 WL 5585339, at *4 (S.D.N.Y. Oct. 30, 2014) ("Without a valid registration by the date the lawsuit is commenced, a party lacks standing to sue for copyright infringement."); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 6, 2012); *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143 (W.D.N.Y. 2014). Indeed, even a pending application for Copyright registration at the time of filing fails to satisfy this threshold standing requirement because 17 U.S.C. §411(a) (governing civil copyright infringement actions) *per se* imposes a bar to Copyright Infringement claims where a plaintiff has not obtained a valid Copyright registration at the time such a claim is interposed. *Id. See also Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013). Thus, even if Copyright registration is later obtained, a complaint filed before the plaintiff obtains a Copyright registration with the United States Copyright Office must be dismissed. *Id.*

Plaintiff's Complaint makes *no mention whatsoever* of any ownership or registration of any Copyrights, to say nothing of the ownership and registration of a Copyright pertaining to the items that are vaguely and inadequately described to in Plaintiff's Complaint. Indeed, Plaintiff fails to provide any information that would allow Defendants or the Court to research – or even allow the Court to take judicial notice of[3] – whether Plaintiff possesses ownership rights over or a valid registration of copyrights that are subject to protection under the Copyright Act. Accordingly, Plaintiff fails to meet the essential prerequisites to pleading a Copyright Infringement claim, and, for this reason as well, Plaintiff's Copyright Infringement claim, count three of the Complaint, must be dismissed as a matter of law.

---

[3] *See* Footnote 2, *supra.*

### C. Plaintiff's Claim Sounding in Copyright Infringement Should be Dismissed Because Plaintiff Fails to Allege Any Facts Demonstrating that the Defendants Infringed Upon a Protected Copyright

As required under the Copyright Act, it is incumbent upon Plaintiff to plead specific facts demonstrating when, where, and how the Defendants purportedly infringed upon Plaintiff's alleged protected copyright. *See Jacobs v. Carnival Corp.*, 2009 WL 856637, at *5 (S.D.N.Y. Mar. 25, 2009) (granting defendants motion to dismiss on copyright infringement claims because Plaintiff's complaint failed to allege "the specific infringing acts by Defendants" where the acts took place "or periods of time during which the allegedly infringing acts occurred"). *See also Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003); *Plunket v. Doyle*, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). The failure to so plead necessitates the dismissal of a plaintiff's Copyright Infringement claim as a matter of law. *Id.* It follows from these authorities that it is insufficient to simply allege that a Copyright has been violated. The proponent of the claim must detail the facts surrounding the violation with specificity.

Here, Plaintiff's Complaint neglects to provide any specifics surrounding when or how either of the Defendants committed Plaintiff's undefined version of so-called "Copyright Infringement." Indeed, Plaintiff does not even allege that it *provided* the subject property – whatever that property may be – to one or both of the Defendants. (*See generally,* Complaint).

Instead of alleging any facts to show when, where, or how the Defendants infringed upon Plaintiff's purportedly protected Copyright interests, Plaintiff alleges only that "[SDSA] unilaterally terminated the agreement" between the parties and engaged in "theft of intellectual property." (*See* Complaint at p. 1). Notably, Plaintiff does not refer whatsoever to Starlite, or otherwise state that Starlite received property from Plaintiff. In other words, Plaintiff wholly fails

10

to plead any information that would put either Defendant on notice as to how, when, or where the purported "Copyright Infringement" occurred.

Consistent with the established law of this Circuit, Plaintiff's failure to plead any details surrounding how Defendants infringed upon Plaintiff's supposed Copyright is fatal to its alleged claim for Copyright Infringement. Accordingly, Plaintiff's purported claim for Copyright Infringement, count three of the Complaint, should be dismissed as a matter of law for this reason.

## POINT II

### PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED BECAUSE THAT CLAIM IS PREEMPTED BY THE COPYRIGHT ACT

Plaintiff's Unjust Enrichment claim must also be dismissed because the Copyright Act preempts Plaintiff's claim.

The Second Circuit has consistently held that the Copyright Act preempts a state law claim for Unjust Enrichment unless the Unjust Enrichment claim possesses some "extra element" that renders it qualitatively different from a Copyright Infringement claim. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Nat'l. Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d. Cir. 1997). Thus, where a state law claim for unjust enrichment is "functionally equivalent" to a plaintiff's claim for Copyright Infringement, the state law claim is preempted by the Copyright Act. *See Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 508 (S.D.N.Y. 2008).

Through 17 U.S.C. §301, Congress developed a test for determining when the Copyright Act exclusively governs a claim, such that other state law claims are preempted. Specifically, this Court has held that the Copyright Act preempts state law claims when: "(i) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act and

11

(ii) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law." *BroadVision Inc. v. Gen. Elec. Co.*, 2008 WL 4684114, at *3 (S.D.N.Y. Oct. 15, 2008).

In *Briarpatch, supra*, the plaintiff developed projects related to movies and entertainment and sued the defendant to recover the substantial profits that the defendant made from the movie "The Thin Red Line," based on a novel sharing the same title. The plaintiff in *Briarpatch* alleged its claim under a theory of Unjust Enrichment. The Second Circuit held that the "specific right" that the plaintiff "is trying to enforce is the right of adaptation—i.e., the right to prepare or authorize preparation of a derivative work based on a novel or screenplay" pursuant to 17 U.S.C. §106(2) of the Copyright Act. *Briarpatch* 373 F.3d at 306. Thus, the Court dismissed the plaintiff's Unjust Enrichment claim because the Copyright Act exclusively governs the right to prepare or authorize the preparation of a derivative work. *Id.*

In this case, as in *Briarpatch*, here, Plaintiff's claim for Unjust Enrichment is preempted by the Copyright Act. First, the rights that Plaintiff ultimately seeks to vindicate through its claim for Unjust Enrichment are "restitution for receipt of benefits that [Plaintiff] conferred, in the amount of the reasonable value of the services." (*See* Complaint at p. 2). While Plaintiff still fails to adequately allege a Copyright Infringement claim, its faulty Copyright Infringement claim seeks to protect Plaintiff's right to "reproduce ... publish, publicly display, offer for sale and distribute" its software and designs, rights which are covered by Section 106 of the Copyright Act and "offer redress for any harm that may result from alleged infringement." *Atrium Grp. De Ediciones Y Publicaciones,* 565 F. Supp. 2d at 508. *See also BroadVision Inc. v. Gen. Elec. Co.,* 2008 WL 4684114, at *5 (S.D.N.Y. Oct. 15, 2008) (holding that plaintiff's claim that the defendant was unjustly enriched by copying and using the software at issue in excess of the licensed usage rights

was qualitatively the same as a Copyright Infringement claim); *Orange County Choppers, Inc. v. Olaes Enters., Inc.*, 497 F.Supp.2d 541, 566 (S.D.N.Y. 2007) (holding that the claim that defendant was unjustly enriched by reproduction and distribution of licensed design was preempted by the Copyright Act). Therefore, Plaintiff's purported Unjust Enrichment claim seeks to redress conduct that Congress has provisioned for under the Copyright Act and, consequently, is preempted.

Second, Plaintiff's Unjust Enrichment claim also falls within the scope of works protected under the Copyright Act. The software and the designs vaguely discussed in Plaintiff's Complaint undoubtedly fall under the umbrella of the types of works protected under Section 102 of the Copyright Act. Specifically, Section 102 of the Copyright Act states that "Copyright protection subsists ... in original works of authorship fixed in any tangible medium of expression," including "literary works" and "pictorial, graphic and sculptural works." 17 U.S.C. § 102. Therefore, while ill-defined, the works alluded to in Plaintiff's Complaint are indeed the sort of subject matter covered by the Copyright Act, satisfying the second prong of the preemption test and rendering Plaintiff's Unjust Enrichment cause of action in this case fatally defective.

Given Plaintiff's failure to include any extra elements to differentiate its Unjust Enrichment claim from its Copyright Infringement claim, Plaintiff's Unjust Enrichment claim, count two of the Complaint, must be dismissed as a matter of law. It is preempted by the Copyright Act, and that federal statute is the source of Plaintiff's exclusive remedy.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss counts two and three of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state claims upon which relief can be granted.

Dated: October 29, 2018
New York, New York

                                          **FOX ROTHSCHILD LLP**
*Attorneys for defendants Samsung SDS America, Inc. and Starlite Media LLC*

By: /s/ Matthew S. Adams
      Matthew S. Adams
      Jordan B. Kaplan
      101 Park Avenue, 17th Floor
      New York, New York 10178
      Tel:   212-878-7900
      Direct: 973-994-7573
      Fax:   212-692-0940