UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TALLY DISPLAY CORP. | |
| Plaintiff, | 18 Civ. 7445 (PAE) |
| v. | **FIRST AMENDED COMPLAINT** |
| SAMSUNG SDS AMERICA INC., STARLITE MEDIA LLC, and JOHN DOE | **[DEMAND FOR JURY TRIAL]** |

Plaintiff Tally Display Corp., by and through its attorneys, Jones Law Firm, P.C., against Defendants Samsung SDS America Inc., Starlite Media LLC, and John Doe submit this First Amended Complaint and allege as follows:

## PRELIMINARY STATEMENT

Defendants Samsung SDS America Inc. ("Samsung SDSA"), Starlite Media LLC ("Starlite"), and one or more John Doe defendants entered into an agreement (the "Agreement") with Plaintiff Tally Display Corp. ("Tally Display") in an effort to induce Tally Display to produce certain LED Modules (the "Modules"). Previously, Samsung SDA had entered an agreement to provide these Modules, which were to display time and temperature in 500 locations across the United States, to defendant Starlite.

Tally Display has developed and uses certain "Really Simple Syndication" software (the "RSS Software") in order to fulfill its contractual obligations to deliver display modules to customers. Tally Display did in fact use this RSS Software in order to full its obligations under the Agreement.

Tally Display also worked to provide the Modules to Samsung SDSA. Tally Display also provided the electronic layouts and configuration, the physical/mechanical designs of the Modules, and the proprietary software necessary to operate these displays for indoor and outdoor kiosks.

Samsung SDSA unilaterally terminated the agreement and refused to pay Tally Display the amount owed to it. Samsung SDSA terminated only after the parties had engaged in several weeks of communication, discussions, visits, design revisions and demands for prototypes, and even a demonstration for Starlite at their Manhattan office. Tally display performed substantial work on the promised product, including a fully functional unit, and received written promises from Samsung SDSA to purchase the Modules from Tally Display. This Complaint seeks compensatory damages in the form of lost profits as well as punitive damage from Samsung SDSA for deliberate and malicious theft of intellectual property in the form of designs and software Tally Display created.

## PARTIES, JURISDICTION, AND VENUE

1. Tally Display Corp. is a corporation established under the laws of the state of New Jersey.

2. Plaintiff Tally Display creates, supplies and installs LED displays and display systems including, but not limited to, design, hardware, components, software and installation of LED signs and displays. LED signs and displays use an array of light-emitting diodes as pixels.

3. Steven Rose ("Rose") is the Owner/President of Tally Display.

4. Samsung SDS America Inc. is a corporation established under the laws of the state of California. Samsung SDSA is, *inter alia*, a general contractor in the electronics industry.

5. Starlite Media LLC is a Delaware limited liability company headquartered in New York, New York. Starlite provides outdoor advertising services to businesses.

6. John Doe refers to the any employer of individuals involved in the events described in this Complaint that uses an e-mail domain of "samsung.com" as employment cannot be established by reference to domain alone. This e-mail domain is shared among several entities, including some based outside the United States. Thus, all allegations Tally Display

makes against Samsung SDSA in this Complaint refer also to any of these John Doe entities until such time as all relevant employer identities are established.

7. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1338(a) due to copyright claims and separately pursuant to 28 U.S.C. § 1332(a) because Tally Display and Starlite are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

8. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to Tally Display's claims occurred in New York, New York. For example, Tally Display demonstrated the prototype at Starlite headquarters at 118 East 27th Street, in New York City. See 28 U.S.C. § 1391(b).

9. This Court may exercise personal jurisdiction over Samsung SDSA because it transacted business within the State—specifically with Tally Display and Starlite—and this action arises out of that business.

## FACTUAL BACKGROUND

10. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-9 above.

11. In or around April of 2018, Defendants promised to compensate Tally Display for providing 500 LED displays.

12. On information and belief, Samsung SDSA engaged Tally Display to provide these modules to one of the former's clients: Meridian Kiosks ("Meridian").

13. On information and belief, Samsung SDSA and Starlite Media also had an arrangement for delivery of some displays which would be provided by Tally Display.

14. Tally Display did in fact demonstrate a prototype suited to Samsung SDSA's specifications at the Starlite headquarters.

14. On or about April 10, 2018, pursuant to the Agreement, Rose sent to Tae Joon Song, an officer within Samsung SDSA's Analytic Solutions department, ("Song") the RSS Software which forms the basis of the copyright infringement claims in this action.

15. The RSS software is a critical part of Tally Display's display-creation model, in that it pulls relevant information from the Internet and immediately translates it to a format that may be displayed by LED lights.

16. On or about April 24, 2018, an officer within Samsung SDSA's Analytic Solutions Department wrote an email to Rose and certain persons who worked at Meridian indicating that Samsung SDSA "will be the purchasing party of the LED module from TallyDisplays [sic]."

17. On or about April 30, 2018, Song wrote an email to Rose and certain persons who worked at Meridian indicating Samsung SDSA's understanding that "[50] LED modules have to be on [sic] Meridian by early July (7/9) for building enclosure (50 initial orders). . . . Other 450 units need to be with Meridian for P2 and P3."

18. On or about May 3, 2018, Song directly requested from Rose that he "provide us with drawings and other requirements that Meridian can utilize the information for Kiosk rendering."

19. At substantial expense and in anticipation of profits of approximately $250,000, Tally Display began performance of the above tasks and sought to fulfill its end of the Agreement

20. Pursuant to the above, Rose signed a mutual non-disclosure agreement, provided by Samsung SDSA's clients.

21. Less than a month later, Defendants notifyied Tally Display that the contract had been cancelled and Samsung SDSA did "not feel comfortable working" with Tally Display.

22. Although Tally Display has demanded payment for the work it did, Samsung SDSA has failed to pay.

### COUNT I – BREACH OF CONTRACT

23. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-22 above.

24. Defendants promised to compensate Tally Display for providing 500 LED displays.

25. Tally Display completed substantial work in satisfaction of this Agreement.

26. Defendants breached the contract by unilaterally notifying Tally Display that they would not be working together further.

27. Although Tally Display has demanded payment, Samsung SDSA has failed to pay.

### COUNT II - UNJUST ENRICHMENT

28. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-27 above.

28. Before receiving payment and at the insistence and request of Samsung SDSA and Starlite, Tally Display rendered services including but not limited to designs, drawings, prototypes, demonstrations, site visits, and meeting with client Starlite.

29. By utilizing Tally Display's copyrighted and proprietary trade secret work and through its related wrongdoing, Defendants have received a benefit from Tally Display.

30. Defendants have wrongfully benefitted through the use of Tally Display's copyrighted and proprietary trade secret work, which has enhanced the value of Defendants' operations, and any work related to the appropriation of the RSS Software.

31. Defendants have never compensated Tally Display for the benefits they received from utilizing Tally Display's copyrighted and proprietary trade secret work, nor have Defendants compensated Tally Display for its useful labor.

32. Under such circumstances, equity demands that Samsung SDSA and Starlite give restitution for receipt of benefits that Tally Display conferred, in the amount of the reasonable value of the services.

33. Although Tally Display has demanded payment, Samsung SDSA has failed to pay Plaintiff.

34. Tally Display seeks damages to be determined by a jury at trial.

## COUNT III – COPYRIGHT INFRINGEMENT

35. Tally Display hereby incorporates by reference herein the allegations in the paragraphs 1-34 above.

36. Tally Display created the RSS Software for operation of the above-mentioned LED modules.

37. Tally Display therefore holds certain exclusive rights in and related to the RSS Software that it created.

38. Tally Display's copyrighted work contains original material (including without limitation software code, specifications, documentation, and other materials) that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101, *et seq*.

39. On information and belief, Defendants have knowingly and illegally reproduced, distributed, and/or utilized Plaintiff's copyrighted work and created derivative works of Plaintiff's copyrighted work.

40. Without Tally Display's consent, authorization, permission, approval, or license, Defendants knowingly, willfully, and unlawfully infringed on Plaintiff's copyright by utilizing, copying, and/or distributing the RSS Software.

41. Any derivate works are unauthorized copies of Tally Display's copyrighted work.

42. By unlawfully copying, distributing, and preparing derivative works of Plaintiff's RSS Software, Defendants have violated Tally Display's exclusive rights under 17 U.S.C. § 106.

43. As a direct and proximate result of Defendants' infringement of Tally Display's copyright and exclusive rights under copyright, pursuant to 17 U.S.C. § 504(b), Tally Display is entitled to its actual damages plus Defendants' profits from infringement, in an amount to be established at trial.

44. Alternatively, at Tally Display's election, it is entitled to the maximum statutory damages available pursuant to 17 U.S.C. § 504(c).

45. The RSS Software entered interstate commerce through, *inter alia*, communication via e- mail.

46. Defendants appropriated the RSS Software in whole or substantial part without the consent of Tally Display and without compensating Tally Display.

47. Tally Display seeks damages in an amount to be determined by a jury at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff hereby demands judgment in its favor and against Defendants as follows:

A. For compensatory damages in the amount of $250,000 for lost profits;

B. Punitive damages for bad faith in an amount to be determined at trial by jury;

C. Legal costs and expenses;

D. Reasonable attorney's fees;

E. Compensatory and punitive damages for copyright infringement in an amount to be determined by a jury at trial;

F.  For other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Tally Display hereby demands a trial by jury on all issues so-triable of right.

Dated: November 19, 2018

                                      Respectfully submitted,

                                      <u>/s/ Bryce Jones</u>
                                      **T. Bryce Jones, Esq.**
                                      **Jones Law Firm, P.C.**
                                      450 7th Ave
                                      Suite 1408
                                      New York, NY 10123
                                      (212) 258-0685
                                      <u>bryce@joneslawnyc.com</u>
                                      *Attorneys for Plaintiff*